UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
CARLOS WARD,                                          :
                        Plaintiff,            :
v.                                                    :
                                :            **OPINION AND ORDER**
THOMAS GRIFFIN, Assistant Commissioner;               :
ALBERT ACRISH, Nurse Practitioner;                    :            19 CV 4759 (VB)
FREDERICK N. BERNSTEIN, Medical                       :
Director,                                             :
                      Defendants.           :
-------------------------------------------------------------x

Briccetti, J.:

      Plaintiff Carlos Ward, proceeding pro se and in forma pauperis, brings this action

pursuant to 42 U.S.C. § 1983 against defendants Assistant Commissioner and former

Superintendent ("Supt.") Thomas Griffin, Dr. Frederick Bernstein, and Nurse Practitioner Albert

Acrish, alleging Eighth Amendment claims respecting his conditions of confinement and medical

treatment at Green Haven Correctional Facility ("Green Haven").

      Now pending is defendants' motion to dismiss the amended complaint pursuant to Rule

12(b)(6).  (Doc. #21).

      For the following reasons, the motion is GRANTED.

      The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the amended complaint and draws all reasonable inferences in plaintiff's favor, as summarized below.[1]

At all times relevant to the amended complaint, plaintiff was incarcerated at Green Haven.

I.   Plaintiff's Alleged Injuries

Plaintiff alleges that in 2011, he underwent reconstructive knee surgery.  At that time, plaintiff's primary care provider was defendant Acrish, who, according to plaintiff, is still plaintiff's primary care provider at Green Haven.  Plaintiff alleges he has had difficulties ambulating since his knee operation in 2011.

Plaintiff further alleges that sometime in 2015 or 2016, new showers were constructed in Green Haven's E Block unit—a housing unit primarily for inmates with physical ailments and ambulatory issues—where plaintiff was housed.  According to plaintiff, the new showers feature ten-inch raised platforms, but no handrails to assist inmates' entry into, and exit from, the shower stalls.

Plaintiff asserts that on two occasions he slipped while stepping down from the raised shower platform because of his lingering knee issues and restricted mobility.  Plaintiff states the second of these incidents occurred on July 5, 2016, when, while exiting the shower, he fell

---

[1]      Because plaintiff is proceeding pro se, the Court also considers allegations made for the first time in plaintiff's opposition to the motion to dismiss.  See, e.g., Vlad-Berindan v. MTA N.Y.C. Transit, 2014 WL 6982929, at *6 (S.D.N.Y. Dec. 10, 2014).

Plaintiff will be provided copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

because there was nothing in the stall, such as a handrail, for him to grab onto.  Plaintiff alleges the fall injured his left knee, hand, and shoulder.

Plaintiff further alleges that following the July 5, 2016, fall, he was taken to the clinic, where he received an evaluation and X-rays.  However, Acrish allegedly declined to order MRIs on plaintiff's left knee and shoulder despite plaintiff's request for same, and instead recommended physical therapy for plaintiff's knee pain.  Plaintiff claims he participated in physical therapy but that it did not alleviate his knee pain.  Moreover, plaintiff alleges he did not receive physical therapy for his injured shoulder but was provided ibuprofen to manage the pain.  According to plaintiff, Acrish's supervisor, Dr. Bernstein, also ignored plaintiff's request for an MRI and complaints regarding his injuries.

Plaintiff next alleges that in April 2018—nearly two years after his July 2016 fall and subsequent treatment—he suffered an undescribed "second injury."  (Am. Compl. at ECF 5).[2] Plaintiff states he received an MRI following this second injury, which "revealed a torn ACL, MCL, patella tendon and meniscus."  (Id.).

According to plaintiff, "it is unclear to what extent" the July 2016 fall and allegedly inadequate medical care contributed to his April 2018 injuries.  (Am. Compl. at ECF 5).

II.    Plaintiff's Grievance

Plaintiff alleges that in July 2016, he filed a grievance about the conditions of the E Block showers, which was combined with other inmates' similar grievances.

In response to plaintiff's grievance, the Inmate Grievance Resolution Committee ("IGRC") recommended the showers be made handicap accessible to "accommodate grievant's handicap needs."  (Doc. # 25 ("Pl. Mem.") at ECF 8).

---

[2]    Citations to "ECF __" refer to page numbers automatically assigned by the Court's Electronic Case Filing system.

Plaintiff appealed his grievance to Supt. Griffin.  In a response to plaintiff's appeal, an unidentified officer, on behalf of Supt. Griffin, noted plaintiff's medical charts and records indicated the X-rays taken after plaintiff's July 2016 fall were "unremarkable," and that plaintiff did not request an MRI during a follow-up evaluation with Acrish on July 26, 2016.  (Pl. Mem. at ECF 11).  The response also noted "there is no requirement for shower mats to be placed in the showers," nor plans for handrails be added to same.  (Id.).

Plaintiff then appealed his grievance to the Central Office Review Committee ("CORC"), which upheld the superintendent's denial.  CORC noted the "new shower units in E Block are not designated handicap accessible"; that inmates "may purchase shower shoes from the commissary to prevent slipping"; that there was no malfeasance by any staff; and that plaintiff "should address medical concerns through sick call."  (Pl. Mem. at ECF 9).

## DISCUSSION

I.   Legal Standard

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).[3]  First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. at 679.

---

[3]      Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility."  Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

In considering a motion to dismiss, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."  DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010).  Courts also may consider documents deemed "integral" to the complaint, id., and any matters subject to judicial notice, Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

The Court must liberally construe submissions of pro se litigants and interpret them "to raise the strongest arguments that they suggest."  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam).  Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges civil rights violations.  See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008).  "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010).  Nor may the Court "invent factual allegations" a plaintiff has not pleaded.  Id.

II.     Conditions of Confinement Claim

Defendants argue plaintiff fails plausibly to allege an Eighth Amendment conditions of confinement claim against Supt. Griffin.

The Court agrees.

A.      Legal Standard

To state an Eighth Amendment claim based on conditions of confinement, the plaintiff must allege an objective prong and a mens rea prong.  Walker v. Schult, 717 F.3d 119, 125 (2d Cir. 2013).

To plead the objective prong, a plaintiff must plausibly allege he suffered a sufficiently serious constitutional deprivation.  Darnell v. Pineiro, 849 F.3d 17, 29 (2d Cir. 2017). Furthermore, "the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health."  Id. at 30 (quoting Walker v. Schult, 717 F.3d at 125).  "There is no 'static test' to determine whether a deprivation is sufficiently serious; instead, 'the conditions themselves must be evaluated in light of contemporary standards of decency.'"  Darnell v. Pineiro, 849 F.3d at 30 (quoting Blissett v. Coughlin, 66 F.3d 531, 537 (2d Cir. 1995)).  "A substantial risk of serious harm can be demonstrated where there is evidence of a previous [incident]."  Rennalls v. Alfredo, 2015 WL 5730332, at *4 (S.D.N.Y. Sept. 30, 2015).

To plead the mens rea prong, a plaintiff must show "the officer acted with at least deliberate indifference to the challenged conditions."  Darnell v. Pineiro, 849 F.3d at 30.  An officer acts with deliberate indifference when he subjectively "has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm."  Hayes v. N.Y.C. Dep't of Corr., 84 F.3d 614, 620 (2d Cir. 1996). The officer "must both be aware of facts from which the inference could be drawn that a

substantial risk of serious harm exists, and he must also draw the inference." Darnell v. Pineiro,

849 F.3d at 32 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

    B.    Personal Involvement

    To adequately plead a Section 1983 claim, a plaintiff must also "plead that each

Government-official defendant, through the official's own individual actions, has violated the

Constitution." Ashcroft v. Iqbal, 556 U.S. at 676.  Indeed, "personal involvement of defendants

in alleged constitutional deprivations is a prerequisite to an award of damages under Section

1983." Wright v. Smith, 21 F.3d 496, 501 (2d. Cir. 1994).

> Supervisor liability under § 1983 can be shown in one or more of the following
> ways:  (1) actual direct participation in the constitutional violation, (2) failure
> to remedy a wrong after being informed through a report or appeal, (3) creation
> of a policy or custom that sanctioned conduct amounting to a constitutional
> violation, or allowing such a policy or custom to continue, (4) grossly negligent
> supervision of subordinates who committed a violation, or (5) failure to act on
> information indicating that unconstitutional acts were occurring.

Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003) (citing Colon v. Coughlin, 58 F.3d 865,

873 (2d Cir. 1995)).[4]

    Moreover, Section 1983 liability cannot be predicated on a theory of respondeat superior.

See City of Canton v. Harris, 489 U.S. 378, 385 (1989).  Indeed, "[t]he bare fact that [a

defendant] occupies a high position in the New York prison hierarchy is insufficient to sustain

[a] claim." Colon v. Coughlin, 58 F.3d at 874.

---

[4]    After Ashcroft v. Iqbal, district courts within the Second Circuit have been divided as to
whether claims alleging personal involvement under the second, fourth, and fifth of these factors
remain viable.  See Marom v. City of New York, 2016 WL 916424, at *15 (S.D.N.Y. Mar. 7,
2016) (collecting cases).  The Second Circuit has yet to resolve this dispute.  Id.

C.      Application

Plaintiff fails plausibly to allege Supt. Griffin was personally involved in any deprivation of plaintiff's constitutional rights.

First, that plaintiff submitted a complaint to Supt. Griffin respecting the conditions of the E Block showers is alone insufficient to establish Supt. Griffin's personal involvement.  See Simpson v. Rodas, 2012 WL 4354832, at *8 (S.D.N.Y. Sept. 21, 2012) (noting "[i]t is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983" and "writing to a supervisory official is insufficient to establish such personal involvement") (citing Colon v. Coughlin, 58 F.3d at 877; Shomo v. City of N.Y., 579 F.3d 176, 184 (2d Cir.2009)).  Indeed, "a defendant's mere receipt of a letter or grievance, without personally investigating or acting [thereon], is insufficient to establish personal involvement."  Alvarado v. Westchester County, 22 F. Supp. 3d 208, 215 (S.D.N.Y. 2014) (alteration in original).

Second, because Section 1983 liability cannot be predicated on a theory of respondeat superior, Supt. Griffin's supervisory position does not give rise to a plausible Section 1983 claim.

In any event, even if plaintiff had plausibly alleged personal involvement, his suggestion that Supt. Griffin authorized the construction of the new E Block showers, and should have foreseen that their new design created a significant danger to plaintiff, is insufficient to state a plausible Eighth Amendment claim.  With respect to the objective prong of the constitutional analysis, the absence of safety railings in the showers may very well create a sufficiently serious safety risk, at least for disabled inmates.  Yet even so, plaintiff fails plausibly to allege facts to satisfy the requisite mens rea component of the analysis.  In other words, plaintiff does not

plausibly allege Supt. Griffin consciously disregarded a significant risk to plaintiff's health by authorizing certain renovations to the E Block showers.  At best, plaintiff alleges the new showers created a "perceivable dangerous condition," (Am. Compl. at ECF 4), not that Supt. Griffin actually perceived, and consciously ignored, a significant risk to plaintiff's safety.

Accordingly, plaintiff's Eighth Amendment conditions of confinement claim against Supt. Griffin must be dismissed.

III.     Deliberate Indifference to Serious Medical Needs Claim

Defendants argue plaintiff fails plausibly to allege an Eighth Amendment deliberate indifference to serious medical needs claim respecting his medical care following the July 2016 fall.

The Court agrees.

A.     Legal Standard

To state a claim for constitutionally inadequate medical care, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  This test has an objective prong and a mens rea prong:  a plaintiff must plausibly allege (i) a "sufficiently serious" inadequacy of medical care, and (ii) that the officials in question acted with a "sufficiently culpable state of mind." Salahuddin v. Goord, 467 F.3d 263, 279–80 (2d Cir. 2006).

The objective prong has two subparts.  First, a plaintiff must adequately plead he "was actually deprived of adequate medical care."  Salahuddin v. Goord, 467 F.3d at 279.  Because "the prison official's duty is only to provide reasonable care," prison officials violate the Eighth Amendment only if they fail "'to take reasonable measures' in response to a medical condition." Id. at 279–80 (quoting Farmer v. Brennan, 511 U.S. at 847).  Second, a plaintiff must plausibly

allege "the inadequacy in medical care is sufficiently serious." Id. at 280.  Courts assess this by examining "how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner." Id.  If the allegedly offending conduct "is a failure to provide any treatment for an inmate's medical condition, courts examine whether the inmate's medical condition is sufficiently serious." Id.  But if the offending conduct is the "medical treatment given, the seriousness inquiry is narrower." Id.

The mens rea prong requires the plaintiff to plausibly allege "the official acted with deliberate indifference to inmate health." Salahuddin v. Goord, 467 F.3d at 280.  Mere negligence does not give rise to an Eighth Amendment violation.  See Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010).  Accordingly, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle v. Gamble, 429 U.S. at 106.  In other words, medical malpractice does not rise to the level of a constitutional violation unless the malpractice involves culpable recklessness.  See Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998).

However, it is well established that "negligence, even if it constitutes medical malpractice, does not, without more," give rise to a constitutional claim.  Chance v. Armstrong, 143 F.3d at 703.  "[D]istinguishing between negligent and reckless medical care is a difficult task, especially at the motion-to-dismiss stage where courts lack the benefit of expert opinion." Zhang v. City of New York, 2018 WL 3187343, at *8 (S.D.N.Y. June 28, 2018).  Courts often look to the "degree of risk associated with the negligent treatment." See id. (collecting cases). Moreover, "mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to" a constitutional violation.  Chance v. Armstrong, 143 F.3d at

703.  "Thus, disagreements over medications, diagnostic techniques (e.g., the need for X-rays),

forms of treatment, or the need for specialists or the timing of their intervention, are not adequate

grounds for a Section 1983 claim."  Sonds v. St. Barnabas Hosp. Corr. Health Servs., 151 F.

Supp. 2d 203, 312 (S.D.N.Y. 2001); see also Victor v. Milicevic, 361 F. App'x 212, 215 (2d Cir.

2010) (summary order) ("Whether to order an MRI or similar diagnostic treatments is a classic

example of a matter for medical judgment.").

Finally, and again, "personal involvement of defendants in alleged constitutional

deprivations is a prerequisite to an award of damages under Section 1983."  Wright v. Smith, 21

F.3d at 501.

      B.    Application

           1.    Nurse Practitioner Acrish

Plaintiff's allegations against Acrish fail to satisfy either prong of the Eighth Amendment

deliberate indifference analysis.  First, plaintiff fails plausibly to plead he was actually deprived

of adequate medical care.  He alleges that after his fall on July 5, 2016, he was taken to the

clinic, evaluated, and received X-rays and medication.  He further alleges Acrish recommended,

and plaintiff received, physical therapy for his alleged knee injury.

Second, plaintiff simply does not allege facts suggesting Acrish perceived, and

consciously disregarded, a serious risk to his medical needs.  Indeed, that Acrish allegedly

declined to order MRIs on plaintiff's knee and shoulder despite plaintiff's requests for same

amounts to a disagreement respecting the proper course of treatment and, accordingly, is

insufficient to satisfy the subjective prong of the constitutional analysis.  Although plaintiff

believes he should have received some other form of treatment, that alone does not alter this

outcome or render the treatment provided inadequate.  Moreover, plaintiff's amended complaint

is devoid of any allegations of pain, or requests for additional medical treatment, from any time

between July 5, 2016, and April 2018, when plaintiff allegedly sustained a second, undefined

injury.

Accordingly, plaintiff's deliberate indifference claim against Acrish must be dismissed.

> ### 2.   Dr. Bernstein

Plaintiff fails plausibly to allege Dr. Bernstein was personally involved in a deprivation

of plaintiff's constitutional rights.  Indeed, plaintiff does not plausibly assert Dr. Bernstein

personally examined him or directly participated in his care.  The amended complaint's sole

reference to Dr. Bernstein alleges he, as the medical director at Green Haven and as Acrish's

supervisor, "ignored" plaintiff's "request and complaints concerning [his] injuries."  (Am.

Compl. at ECF 5).  This conclusory allegation is insufficient to state a plausible Eighth

Amendment deliberate indifference claim.[5]

## IV.   State Law Claims

A district court may decline to exercise supplemental jurisdiction over state law claims

when it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C.

§ 1367(c)(3); Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006).

Having dismissed the federal claims over which the Court has original jurisdiction, the

Court declines to exercise its supplemental jurisdiction over any state law claims that may be

construed from plaintiff's amended complaint.[6]

---

[5]      As an additional matter, defendants argue plaintiff's Eighth Amendment claims should be
dismissed on qualified immunity grounds.  The Court does not reach this argument, as plaintiff
fails outright to state a plausible Eighth Amendment claim against any of the defendants.

[6]      Accordingly, the Court also need not consider defendants' argument respecting statutory
immunity from state law claims.

V.      Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs that courts "should freely give leave" to amend a complaint "when justice so requires."  Liberal application of Rule 15(a) is warranted with respect to pro se litigants, who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim."  Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000).  District courts "should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

However, leave to amend may "properly be denied for . . . 'futility of amendment.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).  This is true even when a plaintiff is proceeding pro se.  See Terry v. Incorporated Village of Patchogue, 826 F.3d 631, 633 (2d Cir. 2016).  "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to [Rule] 12(b)(6)."  Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002).

Here, plaintiff has already amended his complaint once, pursuant to an Order to Amend dated August 19, 2019 (Doc. #6), which described in detail the substantive issues with plaintiff's initial allegations and constitutional claims.  Plaintiff has also opposed the instant motion to dismiss and attached to his opposition his grievances and responses to same.  The opposition and the amended complaint provide more detail but fail to remedy the defects of the original complaint.  Plaintiff's submissions, even liberally construed, contain no allegations suggesting plaintiff has actionable claims against defendants that plaintiff "inadequately or inartfully pleaded" and "should therefore be given [another] chance to reframe."  See Cuoco v. Moritsugu,

13

222 F.3d at 112.  The problems with plaintiff's claims are substantive, and better pleading will

not cure them.  For these reasons, amendment would be futile.

## CONCLUSION

The motion to dismiss is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #21) and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order

would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose

of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: June 29, 2020
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

14